**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| CAESARS ENTERTAINMENT OPERATING COMPANY, INC.; *et.al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> EMARKER, LLC, <br><br> Defendant. | Case No. **2:15–cv–02214-JAD-VCF** <br><br> **ORDER** <br><br> MOTION TO COMPEL (ECF NO. 37) |

This matter involves Plaintiff Caesars's civil action against eMarker.  Before the court are Caesars's motion to compel (ECF No. 37), eMarker's response (ECF No. 42), and the Caesars's reply (ECF No. 25).  For the reasons stated below, the Caesars's motion is granted in part and denied in part.

**I. Background**

In early 2011, the parties began discussing the possibility of entering into a business relationship.  (ECF No. 1-1)  eMarker wanted to supply Caesars with its digital marker gaming device.  (*Id.*)  As part of these discussions, eMarker gave Caesars three operator's guides.  (*Id.*)  These guides described the basic operation of eMarker's gaming device.  (*Id.*)  Caesars provided copies of these guides to its employees.  (*Id.*)  eMarker alleges that all three guides contain its trade secrets, but the company has not identified what information in the guides constitutes a trade secret.  (*Id.*)

eMarker originally sued Caesars for misappropriation of eMarker's trade secrets in Tennessee state court.  (ECF No. 1)  The Tennessee state court dismissed eMarker's action due to its lack of personal jurisdiction over Caesars.  (*Id.*)  Caesars then filed an action for declaratory judgment in Nevada state court.  (*Id.*)  eMarker removed this action to federal court.  (*Id.*)

As part of discovery, Caesars served eMarker a set of interrogatories and two sets of requests for production. (ECF No. 37-2) eMarker objected to Caesars's discovery requests and did not provide substantive answer, and only a handful of responsive documents. (*Id.*)

## II. Legal Standard

"Parties may obtain discovery regarding any nonprivleged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

A party objecting to a discovery request must state its objection with specificity. *See* FED. R. CIV. P. 34(b)(2)(C). "[B]oilerplate objections are disfavored, 'especially when a party fails to submit any evidentiary declarations supporting such declaration.'" *EnvTech, Inc. v. Suchard*, Case No. 3:11-cv-523-HDM-WGC, 2013 WL 4899085 at *5 (D. Nev. Sept. 11, 2013) (internal citations omitted).

## III. Discussion

1. <u>Caesars's First Set of Interrogatories</u>

eMarker objected to interrogatories 4, 5, 8, and 11 because each request was: (1) irrelevant; (2) overly broad and unduly burdensome; and (3) sought confidential information.[1] (ECF No. 37-2) Each objection will be addressed below.

/// /// ///

---

[1] As an example, eMarker objected to interrogatory 8 as follows:
> eMarker objects to this interrogatory as it is overly broad, unduly burdensome, and seeks information that is not relevant to Caesar's claims or defenses. eMarker further objects to this interrogatory as it seeks confidential and proprietary information, including the identity of eMarker's customers. Every customer or prospective customer who has received trade secrets or confidential information from eMarker has received such information under an express understanding and agreement that the information was to be kept confidential. (ECF No. 37-2)

        i.     *Relevance*

Caesars's primary argument in defense is that eMarker cannot claim that information in its "manual" is a trade secret since the company made no effort to keep the information secret. (ECF No. 37) After reviewing Caesars's requests, this court finds that the discovery requests at issue are relevant to Caesars's defense that eMarker did not adequately protect its trade secret. eMarker's relevance objections to interrogatories 4, 5, 8, and 11 are overruled.

        ii.     *Overbroad and unduly burdensome*

"[B]oilerplate objections such as 'overly burdensome and harassing' are improper." *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006). Here, eMarker provides no explanation as to why responding to Caesars's discovery requests would be overly broad or unduly burdensome. Accordingly, these objections to interrogatories 8 and 11 are overruled.

        iii.     *Confidentiality*

"Confidentiality in and of itself is not a legitimate grounds of objection." *Collins v. NDOC*, Case No. 313-CV-00255-RCJ-WGC, 2014 WL 4656232, at *3 (D. Nev. Sept. 17, 2014). "[M]erely because the Defendants assert a document may be 'confidential' will not govern discoverability in a federal court action, particularly where the objecting party fails to state why or how the document is confidential nor cite any relevant federal discovery authority which upholds such an assertion of confidentiality and that discovery or review of such a document is precluded." *Id.* Here, eMarker has asserted a blanket confidentiality objection without providing any details about why the information is confidential. (ECF No. 37-2) Additionally, eMarker does not explain why its confidentiality concerns are not addressed by the parties' stipulated protective order (ECF No. 32). eMarker's confidentiality objections to interrogatories 4, 5, 8, and 11 are overruled.

/// /// ///

2.      Caesars's First Set of Requests for Production

eMarker objected to requests for production 4-20.  (ECF No. 37-3)  Each category of objection will be discussed below.

### i.     *Ambiguity*

eMarker argues that requests for production 4, 12, and 17 contain ambiguous terms.  However when read in the context of Caesars's discovery requests the challenged terms are unambiguous.  Accordingly, eMarker's objections to requests 4, 12, and 17 are overruled.

### ii.    *Overbroad and Unduly Burdensome*

eMarker argues that all 17 requests are overly broad and unduly burdensome.  With the exception to its objections to requests 12, 17, and 18, eMarker does not explain why it believes Caesars's requests are overbroad nor does it explain how responding to Caesar's requests would be unduly burdensome.  *A. Farber and Partners, Inc.*, 234 F.R.D. at 188.

With regard to its objections to requests 12 and 18, eMarker stated that "this request theoretically encompasses every communication eMarker has ever had with a third party."  (ECF No. 37-3)  With regard to its objection to request 17, eMarker stated "[a]ny document even remotely connected to this lawsuit or the Tennessee action would arguably be responsive to this very broad request.  (*Id.*)  Neither statement explains how eMarker would incur unreasonable expenses if it responded to Caesars's requests.  eMarker's overbreadth and undue burden objections to interrogatories 4-11, 13-16, and 19-20 are overruled.

Although this court overrules a majority of eMarker's overbreath and unduly burdensome objections, it believes that the parties will benefit from further meet and confer efforts with regard to requests 12, 17, and 18.  Before filing this motion, the parties engaged in meet and confer efforts pursuant to Federal Rule of Civil Procedure 37 and Local Rule 26-7.  (ECF No. 37-1)  The parties

exchanged letter and participated in a telephonic meet and confer conference. (*Id.*) The focus of these discussions appears to have been eMarker's position that it did not need to respond to Caesars's discovery requests until Caesars's had made a "threshold" showing that eMarker had not adequately protected its trade secret. (*Id.*) It does not appear that the parties discussed a compromise that would allow Caesars's to obtain information about eMarker's dealings with third parties while minimizing the burden on eMarker. This court will therefore order the parties to meet and confer about eMarker's objections to requests for production 12, 17, and 18.

### iii.   *Relevance*

eMarker objected to requests 6-11 and 13-20 on the ground that the requests sought irrelevant information. After reviewing Caesars's requests, this court finds that the discovery requests at issue are relevant to Caesars's defense that eMarker did not maintain a trade secret. eMarker's relevancy objections to requests 6-11 and 13-20 are overruled.

### iv.   *Confidentiality*

eMarker objected to requests 4-9, 12-16, 19, and 20 on the ground that responsive information was confidential. "Confidentiality in and of itself is not a legitimate grounds of objection." *Collins*, 2014 WL 4656232 at *3. "[M]erely because the Defendants assert a document may be 'confidential' will not govern discoverability in a federal court action, particularly where the objecting party fails to state why or how the document is confidential nor cite any relevant federal discovery authority which upholds such an assertion of confidentiality and that discovery or review of such a document is precluded." *Id.* eMarker has not explained why responsive information would be confidential nor has it explained why its concerns are not addressed by the parties' stipulated protective order (ECF No. 32) eMarker's confidentiality objections to requests 4-9, 12-16, 19, and 20 are overruled.

/// /// ///

3.    Caesar's Second Set of Requests for Production

eMarker objected to requests for production 25-36.  (ECF No. 37-4)  Each category of objection will be discussed below.

### i.    *Ambiguity*

eMarker argues that requests 25-27, 33, and 36 contain ambiguous terms.  However when read in the context of Caesars's discovery requests the challenged terms are unambiguous. Accordingly, eMarker's objections to requests 25-27, 33, and 36 are overruled.

### ii.    *Overbreadth and Unduly Burdensome*

eMarker objected to requests 25-36 on the ground that these requests are overly broad and unduly burdensome.  (ECF No. 37-4)  eMarker does not explain how Caesars's requests are overboard or how responding to them would be unduly burdensome.  Without an explanation, eMarker's boilerplate overbreadth and unduly burdensome objections are overruled.  *EnvTech, Inc.*, 2013 WL 4899085 at *5.

### iii.    *Relevance*

eMarker objected to requests 25-36 on the ground that these requests seek irrelevant information. (ECF No. 37-4)  Caesars's primary contention is that eMarker did not take adequate measures to maintain its trade secret.  Caesars's request regarding eMarker's communications with third parties is directly relevant to its defense.  eMarker's relevancy objections are overruled.

### iv.    *Proportionality*

eMarker objected to requests 25-36 on the ground that the requests were not proportional to the needs of this case.  (*Id.*)  eMarker relies on heavily on the disparity between the parties' resources to accuse Caesars of requesting substantial discovery as part of an improper litigation strategy.  (ECF No. 42)  The relative resources of the parties is only one factor the court considers when it determine

whether discovery is proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). This court may also consider the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* Here, the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the proposed discovery weigh in favor of proportionality. eMarker's proportionality objections are overruled.

> v.   *Sequence of Discovery*

eMarker objected to requests 25-36 on the ground that Caesars has not produced a "document" or "manual" that eMarker alleges is the "center of this case." (ECF No. 42) eMarker then represents that it "is impossible to surmise how the requested information could be relevant or important" without Caesars's "document" or "manual." The company has thus implicitly conditioned its production of documents on Caesars's production of the "manual." Such discovery tactics are improper. FED. R. CIV. P. 26(d)(3) ("Unless the parties stipulate or the court orders otherwise … discovery by one party does not require any other party to delay its discovery.") To the extent eMarker's statements about Caesars's production of the manual was intended as a discovery objection, such objections are overruled.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Caesars's motion to compel (ECF No. 37) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that on or before July 22, 2016, eMarker must provide substantive responses to all discovery requests discussed in this order, except for requests for production 12, 17, and 18.

IT IS FURTHER ORDERED that the parties continue to meet and confer regarding eMarker's objections to requests for production 12, 17, and 18. If the parties are unable to reach a compromise on or before July 22, 2016, Caesars's may file a motion to compel as to those three requests.

IT IS SO ORDERED.

DATED this 1st day of July, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE